# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

STATE OF ALABAMA, et al.,

    Plaintiffs-Appellants,

v.

U.S. SECRETARY OF EDUCATION, et al.,

    Defendants-Appellees.

No. 24-12444

**DEFENDANTS-APPELLEES' OPPOSITION TO EMERGENCY
MOTION FOR ADMINISTRATIVE INJUNCTION**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Defendants-Appellants certify that the following have an interest in the outcome of this appeal:

Alabama, State of

Attorney General's Office of South Carolina

Axon, Annemarie Carney

Bachus Brom & Taylor LLC

Binnall Law Group

Boynton, Brian

Brown, Lisa

California, State of

Cardona, Miguel

Consovoy McCarthy PLLC

Florida, State of

Flynn, Shawn M.

Georgia Department of Law

Georgia, State of

Goldfard, Jon C.

Independent Women's Law Center

Independent Women's Network

Kopplin, Rebecca

LaCour, Edmund Gerard

Marcus, Stephanie R.

Marshall, Steve

McKasson, Lindsay R.

Miller, Edward A R

Myers, Steven A.

New Jersey, State of

Norris, Cameron Thomas

North, Benjamin F.

Office of the Attorney General of Alabama

Office of the Attorney General of Florida

Parents Defending Education

Patterson, Melissa N.

Pennsylvania, State of

Percival II, James H.

Peters, David L.

Petrany, Stephen J.

South Carolina, State of

Spate, Joseph D.

Speech First, Inc.

Starcher, Jack

Stop Abusive and Violent Environments

Taylor, Bryan McDaniel

The Miller Firm

U.S. Department of Education

Vaseliou, Thomas S.

Wiggins Child Pantazis Fisher & Goldfarb

## DEFENDANTS-APPELLEES' OPPOSITION TO EMERGENCY MOTION FOR ADMINISTRATIVE INJUNCTION

The Court should deny plaintiffs' request for an immediate "administrative injunction" pending a ruling on their forthcoming motion for an injunction pending appeal. For the reasons set out below, entering the requested relief would exceed the proper bounds of this Court's emergency, equitable authority. It would also be profoundly inequitable to stay the implementation of numerous rule provisions—many of which plaintiffs do not even challenge and none of which the district court found likely to be unlawful—without affording the government a full and fair opportunity to address plaintiffs' arguments. Accordingly, this Court should deny plaintiffs' request for emergency administrative relief and allow the government the ten days provided for in the Federal Rules of Appellate Procedure—or at minimum, a reasonable period—to respond to plaintiffs' forthcoming motion for an injunction pending appeal.

## STATEMENT

Plaintiffs—four states and four membership organizations—challenged a Department of Education rule implementing Title IX's prohibition on sex-based discrimination. Issued in April 2024, the Rule makes numerous changes to Title IX's current regulations and is slated to take effect on August 1, 2024. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474, 33,474 (Apr. 29, 2024) (Rule). Although plaintiffs only challenged

"some of the amended regulations," they requested that the district court preliminarily enjoin or stay the Rule in full. Mem. Op. & Order, at 13, *Alabama v. Cardona*, No. 7:24-cv-00533 (July 30, 2024), ECF No. 58 (Op.).

The district court rejected the request for preliminary relief, observing that plaintiffs failed to develop the evidentiary record, despite being "given many opportunities" to do so, and offered "legal arguments [that were] conclusory and underdeveloped." Op. 8. The court concluded that plaintiffs in no way demonstrated that they were entitled to relief as to the many Rule provisions that they did not challenge, particularly in light of the Rule's express severability provisions. Op. 29-38. As to the handful of Rule provisions plaintiffs did challenge, the court concluded that plaintiffs did not establish a substantial likelihood of prevailing on their claims that those provisions were unlawful. Op. 36-108. And the court concluded that plaintiffs made no showing that they would suffer imminent and irreparable harm absent an injunction. Op. 109-121. The court thus "decline[d] to exercise its discretion to grant the extraordinary relief Plaintiffs have requested." Op. 8.

Following the district court's decision, plaintiffs filed this appeal as well as an "emergency motion for injunction pending appeal or administrative injunction" in the district court. Emergency Mot., *Alabama v. Cardona*, No. 7:24-cv-00533 (July 30, 2024), ECF No. 63. The district court denied the request for emergency relief, explaining that plaintiffs' request "merely repeat[s] their arguments in their motion for a preliminary injunction, and therefore do[es] not warrant issuing a stay pending

appeal." Order, at 5, *Alabama v. Cardona*, No. 7:24-cv-00533 (July 30, 2024), ECF No. 64. Plaintiffs then filed this request for emergency relief. Pls. Motion, at 3 (July 30, 2024).

## ARGUMENT

This Court should deny plaintiffs' request for an emergency "administrative injunction," which is both improper and unwarranted. At a minimum, the Court should limit any administrative relief to the portions of the Rule that plaintiffs challenge and on which they base any assertions of cognizable harm, while allowing the remainder of the Rule to go into effect.

1. Plaintiffs cannot establish a basis for this Court to enter an "administrative injunction" pending disposition of plaintiffs' forthcoming motion for injunction pending appeal. Plaintiffs principally invoke authority discussing the propriety of courts issuing "administrative stay[s]." Pls. Mot. 4 (discussing *United States v. Texas*, 144 S. Ct. 797 (2024)). But in the ordinary course, an administrative stay "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief." *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring in denial of applications to vacate stay). Freezing the legal proceedings here would leave the Rule slated to take effect as scheduled.

Plaintiffs' reliance on this Court's decision in *Klay v. United Healthgroup, Inc.*, only underscores the flaws in their request for an emergency "administrative injunction." 376 F.3d 1092 (11th Cir. 2004). In explaining the "three different types of injunctions

3

a federal court may issue," *id.* at 1097, this Court in *Klay* nowhere suggested that courts may issue the type of emergency administrative relief plaintiffs now request. Instead, the Court explained that in addition to "traditional" merits and statutory injunctions—neither of which is relevant here—courts may issue injunctions pursuant to the All Writs Act, 28 U.S.C. § 1615, "to protect the jurisdiction they already have." *Id.* at 1099. Plaintiffs' request for emergency relief, however, has nothing to do with preserving this Court's jurisdiction over the appeal or any other relevant proceeding.[1]

What plaintiffs seek is not an "administrative stay" of a lower court judgment or a jurisdiction-preserving injunction under the All Writs Act. Rather, plaintiffs ask this Court for immediate injunctive relief barring defendants' effectuation of portions of a regulation that is about to come into force—in essence, the very preliminary injunction that the district court properly exercised its discretion to decline to issue. Plaintiffs provide no basis for this Court to enter such extraordinary and unprecedented relief in the guise of an "administrative injunction" before the parties have briefed the motion for injunction pending appeal, much less the appeal itself.

---

[1] Plaintiffs also cite a few out-of-circuit decisions and orders, some of which use the phrase "administrative injunction." Pls. Mot. 4. But those decisions either offer no explanation for issuing such relief or are entirely inapposite. *See Trump v. Thompson*, No. 21-5254, 2021 WL 5239098, at *1 (D.C. Cir. Nov. 11, 2021) ("The purpose of this administrative injunction is to protect the court's jurisdiction to address appellants claims"); *Career Colleges & Sch. of Texas v. U.S. Dep't of Educ.*, 98 F.4th 220, 233 (5th Cir. 2024) (stating that the court issued an "administrative injunction" without further explanation).

4

2. The extraordinary relief of an "administrative injunction" is particularly unwarranted here, where plaintiffs have not established any harm—let alone immediate, irreparable harm—from the aspects of the Rule they challenge. *See Texas*, 144 S. Ct. at 798 (Barrett, J., concurring in denial of applications to vacate stay) (principal purpose of administrative stay is "to minimize harm while an appellate court deliberates"). As noted, the district court found plaintiffs failed to carry their burden of establishing immediate and irreparable harm absent preliminary relief. And plaintiffs have made no showing that they will suffer such harm absent this Court's intervention during the short period of time it will take to resolve their forthcoming motion for injunction pending appeal.

Plaintiffs "have not argued they will suffer an immediate irreparable injury from the revocation of funding if they fail to comply with the new regulations." Op. 111. Nor could they, because Title IX sets out a comprehensive scheme for obtaining compliance that authorizes termination of funding only after an extensive process that includes express findings on the record, attempts to secure voluntary compliance, an opportunity for a hearing, notifications to Congress, and passage of a thirty-day waiting period. *See* 20 U.S.C. § 1682. As the district court recognized, "denial of funding is not imminent and cannot support a finding of irreparable injury at this stage." Op. 111 (finding that plaintiffs' funding-related concerns "cannot support a finding of irreparable injury" sufficient to support a preliminary injunction, let alone during the brief period required to permit the parties to brief and this Court to

consider an injunction pending appeal). Notably, plaintiffs have not claimed that merely being exposed to the possibility of having to undergo that compliance process itself imposes irreparable injury sufficient to warrant administrative relief from this Court.

For much the same reason, plaintiffs cannot justify their request for emergency relief based on purported harms to plaintiff associations' individual members. Pls. Mot. 7. The district court explained that plaintiffs' arguments about the Rule's supposed infringement of individual rights were woefully "insufficient to carry the burden of clearly establishing an imminent and irreparable injury." Op. 122 (quotations and alterations omitted). Plaintiffs do nothing to bolster those unsupported and conclusory arguments here, and they certainly do not identify any individual who would suffer immediate harm during the short period it would take for this Court to resolve the forthcoming motion for an injunction pending appeal.

Nor can plaintiffs rely on arguments about the preemptive effect of the Rule to justify their request for emergency relief. Pls. Mot. 6. As they did below, plaintiffs claim that the "Final Rule conflicts with state statutes and policies without any explanation of how any of the statutes conflict with the Final Rule." Op. 16. Indeed, many of the purportedly conflicting state laws or policies plaintiffs invoke have nothing to do with the Rule. *See* Op. 113-114. And in any event, any conflict with state laws would not justify extraordinary relief barring the enforcement of federal regulations that plaintiffs have established no likelihood of showing are invalid.

Plaintiffs' conclusory arguments are insufficient to establish their entitlement to immediate relief.

Plaintiffs' invocation of compliance costs to support their extraordinary request fares no better. As the court below pointed out, while plaintiffs averred generally to such costs in seeking preliminary relief, they "offer no evidence of what the compliance costs will be." Op. 121. Plaintiffs still have not done so; indeed, they rely on the same generic declarations that the district found insufficient to establish irreparable harm below. Pls. Mot. 6. In any event, the Rule's effective date has been apparent to plaintiffs since April 2024. In the intervening three months, the status quo has always been that the Rule would go into effect and that plaintiffs would have to comply. If plaintiffs waited until yesterday afternoon to begin their compliance efforts, that is an emergency entirely of their own making.

That plaintiffs had a motion for a preliminary injunction pending does not excuse any such delay or transform the district court's denial of that motion into an emergency justifying an immediate administrative relief from this Court. As the district court correctly observed, a preliminary injunction is an "extraordinary remedy" that requires a significant showing by the moving party to justify. Op. 21. Extraordinary relief of that kind is not doled out lightly, and plaintiffs certainly were not entitled to it—or entitled to expect it. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (preliminary injunction is "never awarded as of right").

7

Furthermore, plaintiffs made no effort to expedite the district court's ruling on their motion for preliminary injunction. They did not ask the district court to rule on their motion by a date certain in order to give them time to seek further review from this Court if their motion was denied. To the contrary, as set out in the district court's opinion, plaintiffs did not "act[] with urgency" in this case thus far and have instead delayed consideration of their motion in various ways over the past three months. Op. 110-11.

On the other side of the ledger, a late-breaking change in the status quo will cause immediate and irreparable harms. Students and teachers throughout the plaintiff states have an interest in the many protections provided by the Rule—the vast majority of which plaintiffs do not challenge, *see* Op. 30. Those interests are particularly pronounced here because the Rule effectuates Title IX's twin goals of "avoid[ing] the use of federal resources to support discriminatory practices [and] provid[ing] individual citizens effective protection against those practices." *Cannon v. University of Chi.*, 441 U.S. 677, 704 (1979). No one disputes that preventing sex discrimination in education—and ensuring that all students have full access to federally funded educational opportunities—serves a compelling public interest.

3. As the government will explain further in its opposition to plaintiffs' motion for injunction pending appeal, neither an "administrative injunction" nor an injunction pending appeal is warranted for the independent reason that plaintiffs have not shown that they are likely to succeed on the merits of their challenge to the

8

district court's denial of their motion for preliminary injunction. *See Texas*, 144 S. Ct. at 799 (Barrett, J., concurring in denial of applications to vacate stay) (noting that *Nken* factors, including likelihood of success on the merits, can "influence" an administrative stay decision "even if they do not control it"). The district court documented in great detail, over a 122-page opinion, the numerous ways in which plaintiffs failed to carry their high burden to establish entitlement to a preliminary injunction, including addressing the very decisions of this Court that plaintiffs claim entitle them to emergency relief. *Compare* Pls. Mot. 2 (citing cases), *with* Op. 39-45, 74-75 (addressing plaintiffs' arguments premised on those decisions).

In particular, the district court held that plaintiffs forfeited many of their arguments by failing to provide authority or meaningful explanation to support their claims. Op. 15-16 (listing examples). Throughout its opinion, the district court identified numerous instances where plaintiffs made only conclusory assertions, made confusing or contradictory claims, or failed to cite sufficient authority to support their arguments. *See, e.g.*, Op. 39-40 (plaintiffs failed to present an argument "on how § 106.10 redefines 'sex'" or engage in any attempt at statutory interpretation); Op. 45-48, 59-60 (plaintiffs failed to cite or address the relevant regulation). Plaintiffs' insistence that forfeiture will pose no problem on appeal since the arguments were at least raised below is not only wrong, *see* Op. 30, but also largely beside the point since

9

the district court plainly did not abuse its discretion in denying preliminary relief given plaintiffs' "conclusory and underdeveloped" arguments, Op. 8.

Particularly in light of the numerous failures the district court identified in the plaintiffs' presentation of their arguments, plaintiffs are not likely to succeed in showing that the district court abused its discretion in denying their motion for a preliminary injunction. *See Forsyth County v. U.S. Army Corps of Engineers*, 633 F.3d 1032, 1039 (11th Cir. 2011).

4. Finally, even if this Court were to grant plaintiffs' request for an administrative injunction, it should make clear that any such relief only applies to the provisions of the Rule that the plaintiffs actually challenged and that are the source of any cognizable harm plaintiffs attempt to assert.

As the district court noted, plaintiffs challenge only a handful of discrete provisions of the Rule, most of which concern gender-identity discrimination. *See* Op. 30. Indeed, the only merits arguments raised in plaintiffs' request for emergency relief concern the Rule provisions (or applications thereof) addressing gender-identity discrimination. Pls. Mot. 9-12. But the Rule revises many aspects of Title IX's current regulations, most of which have nothing to do with gender identity—such as provisions concerning Title IX coordinators, 89 Fed. Reg. at 33,885 (to be codified at 34 C.F.R. § 106.8(a)); recipients' notice of nondiscrimination and record-keeping obligations, *id.* at 33,885-86 (to be codified at 34 C.F.R. § 106.8(c), (f)); access to

10

lactation spaces, *id.* at 33,888 (to be codified at 34 C.F.R. § 106.40(b)(3)(v)); and prohibitions on retaliation, *id.* at 33,896 (to be codified at 34 C.F.R. §§ 106.2, 106.71). Plaintiffs did not challenge any of these provisions in their request for injunctive relief, limiting their claims of invalidity to the scope of prohibited discrimination in § 106.10; the de minimis harm standard in § 106.31(a)(2); the definition of "hostile environment harassment" in § 106.2, and a handful of changes to grievance procedures contained in §§ 106.46(g), 106.45(b)(2), 106.45(f), and 106.45(h)(1).

Plaintiffs have not even attempted to identify any harm that they stand to suffer from the unchallenged provisions of the Rule. And the harms they focus on, related to sex-separate facilities and certain "offensive" language, Pls. Mot. 1, stem from only two challenged provisions: § 106.31(a)(2), which governs access to sex-separate facilities, and § 106.2's definition of hostile-environment harassment, which governs recipients' obligations to protect students from offensive, sex-based conduct that rises to the level of harassment. As the district court explained, plaintiffs often fail to identify which aspects of the Rule they consider the source of their alleged (and unestablished) harms, *see, e.g.*, Op. 61, but that failure is hardly a reason to grant the indiscriminate and overbroad relief plaintiffs seek. Instead, to the extent the Court considers emergency administrative relief appropriate, it should at most extend to enforcement of § 106.31(a)(2) and the definition of "hostile environment harassment" in § 106.2.

11

## CONCLUSION

The Court should deny plaintiffs' motion for an administrative injunction and permit the Department a reasonable period to file its opposition to plaintiffs' forthcoming motion for injunction pending appeal.

Respectfully submitted,

*Of Counsel:*

LISA BROWN
   *General Counsel*
   *U.S. Department of Education*

BRIAN M. BOYNTON
   *Principal Deputy Assistant Attorney General*

MELISSA N. PATTERSON
JACK E. STARCHER
STEVEN A. MYERS
*/s/ David L. Peters*
DAVID L. PETERS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7209*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-1673*

July 2024

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,765 words. It also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

/s/David L. Peters
David L. Peters

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2024, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                  */s/ David L. Peters*
                                                  David L. Peters