

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**RE:** *Alabama v. U.S. Sec'y of Educ.*, No. 24-12444 – Notice of Post-Argument Events

Dear Mr. Smith:

Plaintiffs write to alert the panel of two post-argument events. Plaintiffs do not think these events should stop the Court from reversing the district court on an "expedited" basis. *Dep't of Educ. v. Louisiana*, 603 U.S. 866, 868 (2024). But in the interest of candor and because the Department hasn't yet apprised the Court of these events, Plaintiffs will do so.

After the oral argument, a district court vacated the rule in full. *Tennessee v. Cardona*, 2025 WL 63795 (E.D. Ky. Jan. 9), *as amended* (Jan. 10). Per the Department, that vacatur means the challenged rule is currently "not effective in any jurisdiction." *Regulations Enforced by the Office for Civil Rights*, U.S. Dep't of Educ. (archived Jan. 24, 2025), perma.cc/6SB5-28FV. Plaintiffs do not believe this out-of-circuit vacatur moots anything, most obviously because the district court's decision is not yet final and could be reversed or stayed on appeal. *See Maher v. Roe*, 432 U.S. 464, 468 n.4 (1977); *Bakery Sales Drivers Loc. Union No. 33 v. Wagshal*, 333 U.S. 437, 442 (1948). The Department—or potential intervenors who support the rule—still have at least 45 days to appeal. *See* Fed. R. App. P. 4(a)(1)(B), (4). So Plaintiffs respectfully ask this Court to rule by early March and leave any questions about the vacatur to the district court on remand.

Also after the oral argument, President Trump issued an executive order on gender identity. *See* E.O., *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, Pres. Trump (Jan. 20, 2025), perma.cc/U3NM-XY2A. The order abandons the "legally untenable" view that "the Supreme Court's decision in *Bostock v. Clayton County*" requires "gender identity-based access to single-sex spaces" under "Title IX." §3. It also rescinds the Department's guidance that read *Bostock* to govern Title IX, §7, and it instructs all agencies to read federal laws about "sex" to "not include the concept of 'gender identity,'" §2. So the Departments of Justice and Education appear to agree with Plaintiffs that the rule's new definition of sex discrimination and its de-minimis provision are illegal. *See* Blue-Br.23-28; Gray-Br.10-16.

Dated: January 24, 2025            Respectfully submitted,

/s/ *Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Private Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This letter complies with any applicable word limit because its body is 347 words.

Dated: January 24, 2025            /s/ *Cameron T. Norris*

## CERTIFICATE OF INTERESTED PERSONS

Per Rule 26.1 and Circuit Rule 26.1, Appellant certifies that the prior certificates of interested persons filed by the parties and amici are accurate.

Dated: January 24, 2025            /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: January 24, 2025            /s/ *Cameron T. Norris*