

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

March 12, 2025

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**RE:** *Alabama v. U.S. Sec'y of Educ.*, **No. 24-12444 – Notice of Additional Post-Argument Events**

Dear Mr. Smith:

In their January 24 letter, Plaintiffs notified the Court that a district court had vacated the rule in full. *Tennessee v. Cardona*, 2025 WL 63795 (E.D. Ky. Jan. 9). That vacatur did not moot anything, Plaintiffs explained, because the Department or "potential intervenors" still had until March 10 "to appeal." Jan.-24-Ltr. (CA6-Doc.101) 1.

Though March 10 has passed and the Department did not appeal, the *Tennessee* vacatur still moots nothing. Two groups filed motions to intervene, and both filed protective notices of appeal challenging the vacatur. *See Tennessee v. Cardona*, Docs. 152, 164, 181, 182, No. 2:24-cv-72 (E.D. Ky.). So that vacatur will not be final until the district court resolves the motions to intervene, the Sixth Circuit resolves all appeals, and certiorari is either denied or time-barred. *See generally Mausolf v. Babbitt*, 125 F.3d 661, 666 (8th Cir. 1997). As the Department told another court, any challenge to the Title IX rule "remains a live controversy" until "the *Tennessee* judgment is affirmed on appeal and no further appellate review is available." *Carroll ISD v. Dep't of Educ.*, Doc.85 at 2, No. 4:24-cv-461 (N.D. Tex.).

Relatedly, another court in Texas has now vacated the rule. *Carroll*-Docs.86, 87 (Feb. 19, 2025). But there's no reason to think that intervenors won't show up there too (they have until April 21). *See* Fed. R. App. P. 4(a)(1)(B), (4). And as the Department told that court, no challenge to the Title IX rule could be moot before that "deadline to appeal passes." *Carroll*-Doc. 85 at 2.

As before, Plaintiffs believe this Court should decide this appeal; and they oppose any efforts to hold it in abeyance. Intervenors' appeals could take *years* to resolve. In the meantime, schools in this circuit will be left in suspense about their obligations under Title IX. If the Department won't defend this rule, then it can join Plaintiffs' motion for summary judgment on remand—though that process, too, will likely invite intervenors (and appeals). But this Court's decision remains vital because, as all agree, it will have a "'substantial effect'" on those proceedings. R.77 at 2.

Dated: March 12, 2025                    Respectfully submitted,

/s/ *Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Private Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This letter complies with any applicable word limit because its body is 347 words.

Dated: March 12, 2025                     /s/ *Cameron T. Norris*

## CERTIFICATE OF INTERESTED PERSONS

Per Rule 26.1 and Circuit Rule 26.1, Appellant certifies that the prior certificates of interested persons filed by the parties and amici are accurate.

Dated: March 12, 2025                     /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: March 12, 2025                     /s/ *Cameron T. Norris*