# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

STATE OF ALABAMA, et al.,
*Plaintiffs-Appellants*,

v.

U.S. SECRETARY OF EDUCATION, et al.,
*Defendants-Appellees.*

Appeal from the U.S. District Court for the
Northern District of Alabama, No. 7:24-cv-533 (Axon, J.)

## APPELLANTS' SUPPLEMENTAL BRIEF

Steve Marshall
  *Attorney General*
Edmund G. LaCour Jr.
  *Solicitor General*
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

Cameron T. Norris
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

[Additional counsel listed at end]

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1, Appellants certify that the prior certificates,

as amended and supplemented by appellees and amici, are complete.

Dated: August 8, 2025

s/ *Cameron T. Norris*
Counsel for Private Plaintiffs

s/ *Edmund G. LaCour Jr.*
Counsel for Alabama

s/ *Allen L. Huang*
Counsel for Florida

s/ *Stephen J. Petrany*
Counsel for Georgia

s/ *Joseph D. Spate*
Counsel for South Carolina

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ...................... C-1

Introduction ...........................................................................................................1

Background............................................................................................................1

Argument ..............................................................................................................5

    I.  The underlying case is not moot. ..............................................................5

        A.  The Kentucky court's vacatur is not final. ..........................................6

        B.  The Kentucky court's vacatur does not give Plaintiffs complete relief..........9

    II. This interlocutory appeal is not moot. ................................................. 10

    III.Plaintiffs still need this Court to reverse the denial of their motion for a preliminary injunction. ....................................................................... 12

Conclusion.......................................................................................................... 14

Certificate of Compliance ................................................................................... 16

Certificate of Service ........................................................................................... 16

# INTRODUCTION

This Court asked whether "the plaintiffs' appeal of the denial of their motion for a preliminary injunction" is "moot in light of the Eastern District of Kentucky's final judgment vacating the 2024 Title IX regulations." CA11-Doc.111 (citing *Tennessee v. Cardona*, 762 F. Supp. 3d 615 (E.D. Ky. 2025)).

The short answer is no. The underlying case is not moot. The Kentucky court's vacatur is not final, and it does not give Plaintiffs complete relief anyway. Because the underlying case is not moot, Plaintiffs' appeal from the denial of a preliminary injunction could be moot only if the district court had entered final judgment. But the district court has not entered final judgment; its proceedings have been stayed pending this Court's decision. And Plaintiffs still need a preliminary injunction—though that question goes to the merits, not Article III jurisdiction.

The government agrees that the Kentucky court's vacatur does not moot challenges to the Title IX rule, per its filings on this question in the other cases. And no court has vacated its preliminary injunction. The district court here was the only one not to enter a preliminary injunction. Its decision still needs to be reversed.

# BACKGROUND

This case challenges a Title IX rule that was issued in 2024. As this Court knows, that rule was challenged in five circuits. The district court here refused to preliminarily enjoin the rule, though this Court quickly granted an injunction pending appeal. *Alabama v. U.S. Sec'y of Educ.*, 2024 WL 3981994, at *9 (11th Cir. Aug. 22). Every other

district court granted a party-specific preliminary injunction. *Id.* at *1 & n.2. The government appealed those preliminary injunctions to the Sixth, Fifth, Eighth, and Tenth Circuits. Because the proceedings in those circuits inform the mootness analysis here, Plaintiffs will briefly update the Court on where those proceedings stand.

**Sixth Circuit**: The Eastern District of Kentucky preliminarily enjoined the rule in June 2024. *Tennessee v. Cardona*, 2024 WL 3019146 (E.D. Ky. June 17). It also refused to stay the underlying case while the government took its interlocutory appeal. EDKy-Doc.121 in No. 2:24-cv-72. While that appeal was pending, the district court vacated the rule in full. *Tennessee v. Cardona*, 762 F. Supp. 3d 615, 628 (E.D. Ky. 2025). Because "[t]he entry of final judgment moots [an] appeal from the district court's preliminary injunction order," the government asked the Sixth Circuit to dismiss its interlocutory appeal "as moot." CA6-Doc.120 at 2 in No. 24-5588. "[T]he point of a preliminary injunction is to maintain the status quo until the resolution of the case on its merits," the government explained, so "a final decision on the merits extinguishes a preliminary injunction, as no status quo remains for the Court to maintain." *Id.* (cleaned up). The Sixth Circuit agreed and dismissed the interlocutory appeal for that reason. *See Tennessee v. McMahon*, 2025 WL 848197, at *1 (6th Cir. Mar. 18).

Meanwhile, back in the district court, two separate groups moved to intervene so they could appeal the district court's vacatur. ED-Ky-Docs.152, 164. To preserve their right to appeal the vacatur, these groups filed protective notices of appeal. ED-Ky-Docs.181, 182. (A protective notice of appeal preserves the rights of a would-be

intervenor to challenge the district court's underlying decision, should their intervention be granted after the time to appeal has expired. *See generally Mausolf v. Babbitt*, 125 F.3d 661, 666 (8th Cir. 1997).) The district court denied the motions to intervene on the (mistaken) assumption that the protective notices of appeal deprived it of jurisdiction. ED-Ky-Doc.185. The proposed intervenors have appealed that denial of intervention, and the parties do not dispute that the Sixth Circuit should remand the case for the district court to resolve the motions to intervene on their merits. CA6-Docs.17, 15 in No. 25-5205; CA6-Docs.21, 20 in No. 25-5206. The Sixth Circuit has not yet acted on the parties' request for a remand.

**Fifth Circuit**: In the Fifth Circuit, three district courts entered preliminary injunctions against the rule—two in Texas and one in Louisiana. *Carroll Indep. Sch. Dist. v. DOE*, 2024 WL 3381901 (N.D. Tex. July 11); *Texas v. United States*, 2024 WL 3405342 (N.D. Tex. July 11); *Louisiana v. DOE*, 2024 WL 2978786 (W.D. La. June 13). While the government's interlocutory appeals were pending, one of the district courts in Texas vacated the rule. *Carroll Indep. Sch. Dist. v. DOE*, 2025 WL 1782572, at *1 (N.D. Tex. Feb. 19). The parties thus stipulated that the government's interlocutory appeals should be dismissed. *See* CA5-Docs.294, 303 in No. 24-30399; CA5-Docs.55-56 in No. 24-10824; CA5-Docs.56-57 in No. 24-10832.

Meanwhile, the same groups that moved to intervene to appeal the vacatur in Kentucky also moved to intervene to appeal the vacatur in Texas. ND-Tex-Docs.91, 99 in No. 4:24-cv-461. The Texas court denied their motions to intervene. *Carroll Indep.*

*Sch. Dist. v. DOE*, 2025 WL 1782571, at \*1 (N.D. Tex. May 15). The proposed interve-

nors timely appealed, including by filing protective notices of appeal of the district

court's vacatur. ND-Tex-Docs.155, 156. Their opening brief in the Fifth Circuit is due

on September 24, 2025, CA5-Doc.89 in No. 25-10651, though the proposed interve-

nors want their appeal stayed while two other appeals are reheard en banc, *see* CA5-

Docs.90, 72. The preliminary injunctions in the Louisiana case and the other Texas case

remain intact.

**Eighth and Tenth Circuits**: In the other two circuits where the Title IX rule

was challenged, district courts in Arkansas, Kansas, and Oklahoma each entered a pre-

liminary injunction. *Arkansas v. DOE*, 2024 WL 3518588 (E.D. Mo. July 24); *Kansas v.*

*DOE*, 2024 WL 3273285 (D. Kan. July 2); *Oklahoma v. Cardona*, 2024 WL 3609109

(W.D. Okla. July 31). The government took interlocutory appeals. But after the district

courts in Texas and Kentucky vacated the rule, the parties jointly stipulated to dismiss

the government's interlocutory appeals. CA10-Docs.331, 332 in No. 24-3097; CA10-

Docs.41, 42 in No. 24-6205; CA8-Docs.5495451, 5496372 in No. 24-2921.

Back in the district court, the Kansas court asked the parties to brief why the

case had not become moot. D-Kan-Doc.106. The parties all agreed that the case was

not moot because the vacaturs in Texas and Kentucky are not final. D-Kan-Docs.111,

107, 108. Per the government, the presence of the proposed intervenors means that the

rule's status is "not fully resolved" because "there is still a possibility that the district

court's vacatur will be at least partially reversed." D-Kan-Doc.108 at 2. So the plaintiffs'

challenge to the rule "is not technically moot," and the government "do[es] not believe that dismissal on that basis would be appropriate at this time." D-Kan-Doc.108 at 2-3; *accord* ED-Mo-Doc.79 at 3; ND-Tex-Doc.74 at 3 in No. 24-cv-86. The district court's preliminary injunctions in all three cases remain in place.

## ARGUMENT

This Court asked whether Plaintiffs' "appeal of their denial of their motion for a preliminary injunction" is "moot." CA11-Doc.111. It did not ask whether the underlying *case* is moot. And it did not ask whether Plaintiffs still *need* a preliminary injunction. But in an abundance of caution, Plaintiffs will explain why the case is not moot, their interlocutory appeal is not moot, and their need for a ruling on their motion for a preliminary injunction is not moot.

### I. The underlying case is not moot.

In its supplemental-briefing order, this Court identified only one possible mootness-causing event: "the Eastern District of Kentucky's final judgment vacating the 2024 Title IX regulations." CA11-Doc.111. The argument for why that vacatur moots this case, Plaintiffs assume, is that vacatur is a form of universal relief. Vacatur "takes the unlawful agency action off the books" and thus "prevents the rule's application to all," even nonparties like Plaintiffs. *Tennessee*, 762 F. Supp. 3d at 627. Because the vacatur

5

has given Plaintiffs complete relief—the argument goes—Plaintiffs no longer have a concrete enough stake to keep litigating here.[*]

There are at least two problems with this theory. First, the Kentucky court's vacatur cannot moot anything until it is final—which it won't be until the proposed intervenors have exhausted their appellate rights. Second, the Kentucky court's vacatur does not give Plaintiffs complete relief because they also seek a declaration and injunction.

## A.    The Kentucky court's vacatur is not final.

The Kentucky court's vacatur is not yet final. Two groups of proposed intervenors are challenging that vacatur and have filed timely protective notices of appeal. If those groups win that the district court should have let them intervene and prove Article III standing, they can ask the Sixth Circuit to reverse the district court's vacatur on the merits. *See, e.g.*, *Mausolf*, 125 F.3d at 666-70. The vacatur thus will not be final until (1) the Sixth Circuit affirms the denial of intervention or the vacatur and (2) the intervenors exhaust their remedies at the Supreme Court. *See USPS v. Brennan*, 579 F.2d 188, 190 n.1 (2d Cir. 1978) (summary judgment in another case could not moot the appeal where "the time to petition for certiorari" in that case had "not expired"); *West Virginia*

---

[*] This Court did not ask whether anything else moots this appeal, like some action that the Department of Education has taken since President Trump took office. To prove that its own voluntary conduct moots this case, the government would have to carry a "'formidable burden.'" *FBI v. Fikre*, 601 U.S. 234, 241 (2024). The government concedes that these cases are not moot, *e.g.*, D-Kan-Doc.108, so it necessarily fails to carry its formidable burden, *see Trinity Lutheran Church of Columbia v. Comer*, 582 U.S. 449, 457 n.1 (2017); *Golden v. Columbus*, 404 F.3d 950, 963 n.10 (6th Cir. 2005).

*v. EPA*, 597 U.S. 697, 719-20 (2022) (stay could not moot the appeal before the Supreme Court had completed "certiorari review").

At least until a district court's vacatur of the Title IX rule becomes final, this case cannot be moot. The proposed intervenors could win their appeals and get the vacaturs reversed. If they do, then the Title IX rule will once again be in force. *Texas v. United States*, 50 F.4th 498, 520 (5th Cir. 2022); *NL Indus. v. U.S. Sec'y of Interior.*, 777 F.2d 433, 436 (9th Cir. 1985). That rule injures Plaintiffs, which is why they sued and sought emergency relief. For mootness, any continued "concrete interest, however small, in the outcome of the litigation" keeps the case alive. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The risk that the proposed intervenors could win their appeal and resurrect all or part of the Title IX rule is a concrete interest that defeats mootness here. *See California v. HHS*, 941 F.3d 410, 423 (9th Cir. 2019) (nationwide injunction in a different case did not moot the interlocutory appeal because the nationwide injunction could expire or be narrowed), *vacated on other grounds*, 141 S.Ct. 192 (2020); *City & Cnty. of San Francisco v. USCIS*, 992 F.3d 742, 751-52 (9th Cir. 2021) (Van Dyke, J., dissental) (vacatur of challenged rule in a different case did not moot the appeal where the vacatur could still be "reverse[d]").

Though Plaintiffs think the proposed intervenors should lose their appeals, Plaintiffs admit that their odds of success are "not so insubstantial or so clearly foreclosed" that "this case may not proceed." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978); *accord Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377-

78 (2019) (question is whether the odds of success are "at all plausible," since "courts often adjudicate disputes whose 'practical impact' is unsure at best"). For example, intervenors could argue that key parts of the Title IX rule are severable—a question that split the Supreme Court 5 to 4. *See Dep't of Educ. v. Louisiana*, 603 U.S. 866 (2024). Or intervenors could argue that any vacatur should be limited to the plaintiffs in those cases—a question that "[t]he Sixth Circuit … has not yet explicitly decided," *GBX Assocs. v. United States*, 2022 WL 16923886, at *12 (N.D. Ohio Nov. 14); *see also Corner Post v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 837-42 (2024) (Kavanaugh, J., concurring) (explaining the United States' view on universal vacatur). If intervenors win on severability, then their win would revive a partial version of the rule that injures Plaintiffs. *See* Blue-Br.38-39, 41; Gray-Br.21-23. And if intervenors win on universality, then their win would revive the whole rule against Plaintiffs. These risks give Plaintiffs a concrete stake in continuing to seek relief here. *See, e.g., California*, 941 F.3d at 423.

The government agrees. In each case challenging the Title IX rule, the government has argued that the plaintiffs' challenge cannot be moot until one of the vacaturs is completely final. *E.g.*, D-Kan-Doc.108; ED-Mo-Doc.79 at 3; ND-Tex-Doc.74 at 3 in No. 24-cv-86. Though the government has decided not to appeal those vacaturs itself, it understands that its decision to comply does not moot the cases. *See Norfolk & W. Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 128 n.3 (1991) ("Agency compliance with [court's] mandate does not moot the issue of the correctness of the court's decision."). The proposed intervenors timely appealed both vacaturs. Because "there is still

a possibility that the district courts' vacatur orders in those cases will be at least partially reversed," none of these cases can be dismissed as moot. *E.g.*, D-Kan-Doc.108 at 2.

### B. The Kentucky court's vacatur does not give Plaintiffs complete relief.

Even if the Kentucky court's vacatur were final and universal, this case would not be moot. A case remains live so long as it's not "impossible for the court to grant any effectual relief whatever." *Church of Scientology of Calif. v. United States*, 506 U.S. 9, 12 (1992) (cleaned up). "[E]ven when the primary relief sought is no longer available, being able to imagine an alternative form of relief is all that's required to keep a case alive." *Dierlam v. Trump*, 977 F.3d 471, 476-77 (5th Cir. 2020) (cleaned up). Here, Plaintiffs sought not just vacatur, but also a declaration, injunction, and all other appropriate relief. R.1 at 83. The Kentucky court did not grant a permanent injunction. *Tennessee*, 762 F. Supp. 3d at 628. And its declaration was limited to the "Plaintiff States." *Id.*; *accord* ED-Ky-Doc.146 (same). Without a declaration or injunction, this case is not moot because Plaintiffs have not "manage[d] to secure outside of litigation all the relief [they] might have won in it." *FBI v. Fikre*, 601 U.S. 234, 240 (2024); *see, e.g.*, *New York v. Wolf*, 2020 WL 6047817, at *6 (S.D.N.Y. Oct. 13) (rule's rescission did not moot case where "additional remedies" might be available).

For purposes of mootness, "it does not matter how likely it is that [Plaintiffs] are entitled to" a declaration or injunction on top of a final vacatur. *SFFA v. Univ. of Tex. at Austin*, 142 F.4th 819, 828 (5th Cir. 2025). But Plaintiffs will have strong arguments

for that relief. Courts that vacate agency action can and do grant injunctions and decla-

rations too. *E.g.*, *Chamber of Com. v. CFPB*, 691 F. Supp. 3d 730, 744-46 & n.110 (E.D.

Tex. 2023) (collecting cases). That additional relief is vital when the agency claims that,

even without the rule, it could exercise the same authority under the statute, *e.g.*, *Fran-

ciscan All. v. Becerra*, 553 F. Supp. 3d 361, 378 (N.D. Tex. 2021)—something the agency

has claimed here, *see* Red-Br.33, 2, 12-13, 24. Even if the Title IX rule were vacated,

Plaintiffs would have a strong interest in equitable relief that stops the government from

enforcing the rule's interpretations of Title IX on harassment, gender identity, bath-

rooms, and more. Because this "potential relief remains available" to Plaintiffs regard-

less of any vacatur, their case is "not moot." *SunAmerica Corp. v. Sun Life Assur. Co. of

Canada*, 77 F.3d 1325, 1333 (11th Cir. 1996).

## II.    This interlocutory appeal is not moot.

When the underlying case is not moot, Plaintiffs are aware of only one circum-

stance that can moot an interlocutory appeal from the denial of a preliminary injunction

in a case like this one: While the interlocutory appeal is pending, the district court in the

underlying case enters final judgment. The point of a preliminary injunction is to pre-

serve the status quo until the district court enters final judgment. *Univ. of Tex. v. Came-

nisch*, 451 U.S. 390, 395 (1981). So once the district court enters final judgment, no

preliminary injunction can issue. *See Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020)

(explaining that, when the district court has entered final judgment, "any preliminary

injunction would 'dissolve' the moment" it was granted). The district court's interlocutory decision on the preliminary injunction can no longer be appealed on its own because it "merges" into the final judgment. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund*, 527 U.S. 308, 314 (1999). The interlocutory appeal over the preliminary injunction thus becomes "moot." *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007).

That sequence did not happen here. Unlike the district-court proceedings in Texas and Kentucky, the district-court proceedings here were stayed pending the interlocutory appeal. R.81. In fact, the parties proposed that stay precisely so the district court could benefit from "the Eleventh Circuit's resolution of Plaintiffs' appeal." R.77 at 2. Because the district court has not entered final judgment here, this Court cannot say—as the Sixth Circuit did—that the "district court's entry of final judgment … extinguished the interlocutory appeal." *Tennessee*, 2025 WL 848197, at *1 (cleaned up).

Nor could this Court say that the *Kentucky court's* final judgment extinguishes this interlocutory appeal, even though that vacatur purports to grant universal relief. The district court's denial of the preliminary injunction here could not "merg[e]" with a final judgment in a different case. *Cf. Grupo Mexicano*, 527 U.S. at 314. Plaintiffs here cannot challenge the district court's denial of their preliminary injunction by appealing the "final judgment" in Kentucky, where they are not parties. *Cf. id.* And a preliminary injunction here would not "'dissolve' the moment" it issued; it would protect Plaintiffs until the district court enters final judgment in *this* case. *Cf. Adams*, 951 F.3d at 429. Hence

why the district courts in the other cases challenging the Title IX rule have maintained their preliminary injunctions against the rule while the appeals of the vacaturs in Kentucky and Texas play out. Plaintiffs do not have that option here, though, because this case is the only one where the district court denied a preliminary injunction.

### III. Plaintiffs still need this Court to reverse the denial of their motion for a preliminary injunction.

The Kentucky court's vacatur does not "moot" Plaintiffs' need for a preliminary injunction. CA11-Doc.111. Courts can consider changed circumstances when deciding whether a plaintiff needs equitable relief. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Though this principle is sometimes called "prudential mootness," it is concerned not with "'the court's power under Article III to provide relief, but with the court's discretion in exercising that power.'" *Ingaseosas Int'l Co. v. Aconcagua Investing Ltd.*, 479 F. App'x 955, 963 (11th Cir. 2012); *see In re Serta Simmons Bedding, LLC*, 125 F.4th 555, 585 (5th Cir. 2024) ("equitable mootness is a bit of a misnomer—much like green pastel redness"). In other words, it asks whether the nonmerits preliminary-injunction factors—irreparable harm, balance of harms, and the public interest—are still satisfied.

The equities still favor Plaintiffs here. The key question is whether Plaintiffs face "some cognizable danger of recurrent" harm. *W.T. Grant*, 345 U.S. at 633. They plainly do. Because the Kentucky court's vacatur "could be overturned or limited at any time," the Title IX rule continues to threaten Plaintiffs with "irreparable harm" that is "sufficiently imminent." *California v. HHS*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019). And

the balance of harms and public interest tip even more in Plaintiffs' favor, now that the government is willing to let its own rule be vacated.

If this Court has doubts about the other preliminary-injunction factors, it can resolve the merits and then remand those factors to the district court. *See, e.g.*, *Abbott v. Biden*, 70 F.4th 817, 846 (5th Cir. 2023); *This That & Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 285 F.3d 1319, 1324 (11th Cir. 2002). Though Plaintiffs think this Court should reach the other factors itself, this Court has the option of saying that the effect of the Kentucky court's vacatur on those factors is "a question better addressed to the discretion of the trial court." *W.T. Grant*, 345 U.S. at 634. This Court does, however, need to reach the merits first. The district court ruled that Plaintiffs were *not* likely to succeed on the merits, R.58 at 2, and this Court's contrary opinion granting an injunction pending appeal does not bind the district court, Red-Br.18. So absent a decision from this Court on the merits, the district court would not reconsider the equities; it would simply reinstate its ruling that Plaintiffs are not likely to succeed.

While this Court could wait for the vacaturs in Kentucky and Texas to become final, no party has requested that relief. And that approach could keep the parties waiting for years. For reference: A district court invalidated part of the Trump administration's Title IX rule in July 2021, and the appeal from that decision has not even been *briefed* in the First Circuit—four years later. *See* Docket, *Victim Rights L. Ctr. v. McMahon*, Nos. 21-1445 (1st Cir.). Here, too, the parties in the Fifth Circuit haven't filed their first brief. CA5-Doc.89 in No. 25-10651. And the parties in the Sixth Circuit agree that the

appeal needs to be remanded for a do-over in the district court. CA6-Docs.17, 15 in No. 25-5205; CA6-Docs.21, 20 in No. 25-5206.

This Court should proceed to decide this appeal on the merits. Waiting indefinitely because one of the vacaturs might moot this case in the future would contradict this Court's "virtually unflagging obligation to hear and decide cases within its jurisdiction." *Meland v. WEBER*, 2 F.4th 838, 849 n.7 (9th Cir. 2021) (cleaned up). And it might not work. Even if those other vacaturs become final, Plaintiffs can still litigate their right to get broader declaratory and injunctive relief. *Supra* I.B. Those future proceedings will still need the benefit of "the Eleventh Circuit's resolution of Plaintiffs' [interlocutory] appeal." R.77 at 2. "[P]rudential concerns" like "comity" and "percolation" also favor this Court reaching its own decision, rather than deferring to the universal relief granted by an out-of-circuit court. *Florida v. DHS*, 19 F.4th 1271, 1285-86 (11th Cir. 2021).

## CONCLUSION

This Court should reverse the district court.

Dated: August 8, 2025

Steve Marshall
  Attorney General
s/ *Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
  Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for Alabama*

James Uthmeier
  Attorney General
s/ *Allen L. Huang*
Allen L. Huang
Christine Pratt
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
allen.huang@myfloridalegal.com

*Counsel for Florida*

Respectfully submitted,

/s/ *Cameron T. Norris*
Cameron T. Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com

*Counsel for Private Plaintiffs*

Christopher M. Carr
  Attorney General
s/ *Stephen J. Petrany*
Stephen J. Petrany
  Solicitor General
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Georgia*

Alan Wilson
  Attorney General
s/ *Joseph D. Spate*
Joseph D. Spate
  Deputy Solicitor General
1000 Assembly Street
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for South Carolina*

## CERTIFICATE OF COMPLIANCE

This brief complies with this Court's order because it does not exceed 15 pages.

It also complies with Rule 32(a)(5)-(6) because it's prepared in a proportionally spaced

face using Microsoft Word 2016 in 14-point Garamond font (with 16-point and 15-

point headings).

Dated: August 8, 2025                                   /s/ Cameron T. Norris

## CERTIFICATE OF SERVICE

I e-filed this brief, which will email everyone requiring notice.

Dated: August 8, 2025                                   /s/ Cameron T. Norris