No. 24-12444-G

## UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

STATE OF ALABAMA, et al.,

*Plaintiffs-Appellants*,

v.

U.S. SECRETARY OF EDUCATION, et al.,

*Defendants-Appellees*.

Appeal from the U.S. District Court for the
Northern District of Alabama, No. 7:24-cv-533 (Axon, J.)

## MOTION TO DISMISS APPEAL AS MOOT AND VACATE
## THE DISTRICT COURT'S OPINION AND ORDER

No. 24-12444-G, *Alabama v. U.S. Sec'y of Educ.*

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1, Appellants certify that the following individuals, in addition to those named in the prior certificates, have an interest in the outcome of this appeal:

1.  Bowdre, A. Barrett, *Attorney for Plaintiff-Appellant Alabama*

2.  Thompson, John Henry, *Attorney for Plaintiff-Appellant Georgia*

Dated: May 22, 2026

s/ *Cameron T. Norris*
Counsel for Private Plaintiffs

s/ *A. Barrett Bowdre*
Counsel for Alabama

s/ *Christine Pratt*
Counsel for Florida

s/ *John Henry Thompson*
Counsel for Georgia

s/ *Joseph D. Spate*
Counsel for South Carolina

# MOTION TO DISMISS APPEAL AS MOOT AND
# VACATE THE DISTRICT COURT'S OPINION AND ORDER

Plaintiffs move to dismiss this interlocutory appeal as moot, with no costs or attorney's fees awarded to any party. Defendants consent to that request. Plaintiffs also move for this Court to vacate the district court's July 30, 2024 order denying Plaintiffs' motion for a preliminary injunction, R.58, and to remand for any further proceedings that might be necessary. Defendants will take no position on that request.

In support of their motion, Plaintiffs state as follows:

1. In April 2024, the Department of Education issued a notice-and-comment regulation concerning Title IX. *See* 89 Fed. Reg. 33474 (Apr. 29, 2024).

2. Plaintiffs—Alabama, Georgia, and Florida, and several membership associations—filed a lawsuit challenging the Department's 2024 rule and its interpretations of Title IX. Plaintiffs sought vacatur, declaratory relief, and preliminary and permanent injunctive relief. R.1.

3. The 2024 rule faced additional legal challenges from 22 other States in six other lawsuits across the Fifth, Sixth, Eighth, and Tenth Circuits. *See* CA11-Doc.57 at 29-30. The district courts in all the other cases granted preliminary injunctions barring enforcement of the 2024 rule in the plaintiff States. CA11-Doc.112 at 4-8. The Fifth and Sixth Circuits declined to stay the injunctions that were appealed, as did a unanimous Supreme Court. *Alabama v. U.S. Sec'y of Educ.*, 2024 WL 3981994, at *1 n.2 (11th Cir. Aug. 22); *Dept. of Educ. v. Louisiana,* 603 U.S. 866 (2024).

4. In July 2024, the district court here denied Plaintiffs' motion for a preliminary injunction. R.58. Plaintiffs immediately appealed and sought emergency relief from this Court. R.60; CA11-Doc.6-1.

5. This Court granted an administrative injunction pending appeal, enjoining the Department "from enforcing the final rule" in the plaintiff States "pending further order of this Court." CA11-Doc.19-1 at 2. This Court later granted an injunction pending appeal awarding the same relief. *Alabama*, 2024 WL 3981994 at *2, *9.

6. This Court heard oral argument on Plaintiffs' appeal from the denial of their motion for a preliminary injunction on December 18, 2024.

7. After oral argument but before this Court's decision, two of the district courts in the other cases entered final judgments vacating the Department's 2024 rule in full. They did not award injunctive relief, or any declaratory relief beyond the parties in those cases. *See Tennessee v. Cardona*, 762 F. Supp. 3d 615 (E.D. Ky. 2025); *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2025 WL 1782572 (N.D. Tex. Feb. 19).

8. The Department declined to appeal those decisions vacating the 2024 rule. *See* CA11-Doc.113 at 13-14.

9. A group of intervenors moved to intervene in both cases to appeal the vacaturs. In both cases, the district courts denied intervention. *Tennessee v. Cardona*, 2026 WL 524773 (E.D. Ky. Feb. 25); *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2025 WL 1782571 (N.D. Tex. May 15). And in both cases, the intervenors filed a notice of appeal

from the denial of intervention and a protective notice of appeal from the district court's decision vacating the 2024 rule. *See* CA11-Doc.112 at 5-7.

10. The parties agree that the vacaturs in the two other cases did not moot this case or appeal. So long as the intervenors' appeals were live, the vacaturs were not final and could be reversed on appeal. *See* CA11-Doc.112 at 9-12; CA11-Doc.113 at 15.

11. Recently, however, the intervenors stipulated to the dismissal of their appeal in the Sixth Circuit. *See* CA6-Doc.51, *Tennessee v. Cardona*, No. 25-5205 (May 8, 2026). The Sixth Circuit dismissed the appeal. *See* CA6-Doc.52 (May 13, 2026). So the 2024 rule is now vacated by a final judgment.

12. The final vacatur of the 2024 rule moots this interlocutory appeal, where Plaintiffs seek only a preliminary injunction barring the Department from enforcing that now-vacated rule. *Cf. Ohio v. EPA*, 969 F.3d 306, 308-09 (6th Cir. 2020) ("preliminary-injunction appeal is moot" if challenged rule is "repealed").

13. No mootness can be attributed to Plaintiffs. They were not parties to either case where the 2024 rule was vacated. The vacatur became final because the Department declined to appeal and unrelated intervenors dropped their appeal.

14. In these circumstances, the equities favor vacatur of the district court's order denying a preliminary injunction. *See, e.g.*, *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1368 (11th Cir. 2006) ("the district court's denial of Appellants' motions for a preliminary injunction—the only ruling at issue in this appeal—is moot. This conclusion compels us to dismiss this appeal *and* to vacate the district court's order"); *Ethredge v. Hail*,

996 F.2d 1173, 1177 (11th Cir. 1993) (vacating a preliminary-injunction denial to "prevent the district court's opinion from spawning precedential consequences," including any "lingering persuasive value"); *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1258 & n.10 (11th Cir. 2001) (similar); *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 918 (11th Cir. 2009) (vacating a preliminary-injunction denial because the interlocutory appeal became moot). Just this month and with the federal government's consent, the Second Circuit vacated a district court's preliminary-injunction denial because the appeal became moot "'for reasons *not fairly attributable to*'" the appellants. *Am. Ass'n of Univ. Professors v. U.S. Dep't of Justice*, 2026 WL 1339482, at *3 (2d Cir. May 14).[*]

15.     Plaintiffs do not yet agree that the entire case is moot, just their motion for a preliminary injunction and this interlocutory appeal. *See* CA11-Doc.112 at 9, 12-13. But those issues can be resolved by the parties—and, if necessary, the district court—on remand. *See, e.g.*, *Dow Jones*, 256 F.3d at 1259 n.11 ("Where only a preliminary injunction is on appeal, we only have the authority to vacate that federal order. Although we think that the entire case may be moot, that determination ultimately rests with the

---

[*] "[S]ometimes, when reviewing a preliminary injunction," this Court has "dismissed only the appeal without vacating" the preliminary-injunction order. *Dow Jones*, 256 F.3d at 1258. But in all those cases, the preliminary injunction "expired" by its own terms. *See id.* (collecting and distinguishing the cases). None considered a preliminary-injunction order that became unreviewable due to the acts of the appellee or by circumstances outside the litigation. When mootness occurs in those circumstances, as it did here, the equities favor vacating the order that is adverse to the innocent appellant. *See Norwegian Cruise Line Holdings v. Fla. Dep't of Health*, 55 F.4th 1312, 1324 (11th Cir. 2022) (Rosenbaum, J., dissenting on other grounds) ("vacatur 'is rooted in equity'" and "clearly necessary" in such circumstances).

district court." (cleaned up)); *BankWest*, 446 F.3d at 1365 n.1 ("We have before us only the appeal from the denial of a preliminary injunction, and that is what we hold is moot. We do not have before us the issue of whether the complaints themselves are moot. That is an issue for the district court to decide.").

16.     For avoidance of doubt, this Court need not vacate its opinion or order granting an injunction pending appeal. That injunction will simply expire once this Court dismisses the appeal and issues the mandate. *Palmer v. Braun*, 287 F.3d 1325, 1335 n.4 (11th Cir. 2002); *see, e.g.*, Order, *Pavek v. Donald J. Trump for President*, No. 20-2410 (8th Cir. Sept. 21, 2020) (vacating district court's preliminary-injunction opinion and order after interlocutory appeal became moot, but not vacating appellate court's earlier opinion and order staying that preliminary injunction).

*     *     *

For all these reasons, this Court should dismiss this interlocutory appeal as moot and vacate the district court's opinion and order denying Plaintiffs' motion for a preliminary injunction.

Dated: May 22, 2026

Steve Marshall
  Attorney General
s/ *A. Barrett Bowdre*
A. Barrett Bowdre
  Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Barrett.Bowdre@AlabamaAG.gov

*Counsel for Alabama*

James Uthmeier
  Attorney General
s/ *Christine Pratt*
Christine Pratt
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
christine.pratt@myfloridalegal.com

*Counsel for Florida*

Respectfully submitted,

*/s/ Cameron T. Norris*
Cameron T. Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com

*Counsel for Private Plaintiffs*

Christopher M. Carr
  Attorney General
s/ *John Henry Thompson*
John Henry Thompson
  Solicitor General
Office of the Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for Georgia*

Alan Wilson
  Attorney General
s/ *Joseph D. Spate*
Joseph D. Spate
  Deputy Solicitor General
1000 Assembly Street
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for South Carolina*

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27 because it contains 1,268 words. It also complies with Rule 32(a)(5)-(6) because it's prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font (with 16-point and 15-point headings).

Dated: May 22, 2026                    */s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this motion, which will email everyone requiring notice.

Dated: May 22, 2026                    */s/ Cameron T. Norris*